# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| William Lyn Wolfe, | ) |
|---|---|
| Plaintiff, | ) |
| | ) C.A. No.: 8:08-CV-869-PMD-BHH |
| v. | ) |
| | ) **ORDER** |
| Sgt. Cooper; Lt. J. Goodman; | ) |
| Sgt. Lloyd; Officer Braikford, | ) |
| a/k/a Brailsford; Warden A.J. | ) |
| Padula; Jon Ozmint; Sgt. Gibbs; | ) |
| Bruce Oberman; and Investigator | ) |
| Greer; | ) |
| Defendants. | ) |

This matter is before the court upon Defendants' Objections to a United States Magistrate Judge's Report and Recommendation ("R&R") that their Motion for Summary Judgment be granted in part and denied in part. Plaintiff William Lyn Wolfe ("Plaintiff") did not file any objections. Having reviewed the entire record, including the Defendants' Objections, the court does not adopt the R&R. Accordingly, the court grants Defendants' Motion for Summary Judgment.

## BACKGROUND

Plaintiff is a former prisoner who was incarcerated at the Lee Correctional Institution at the time of the allegations in his Complaint.[1] Plaintiff alleges that on July 30, 2007, Defendant Sergeant Cooper escorted him to Defendant Bruce Oberman's office to meet with Investigator Greer. During his meeting with Investigator Greer, Plaintiff informed him about being starved

---

[1] The Magistrate Judge noted that the complaints governing this action are Attachment #4 to the original Complaint (Docket Entry #1) and the Amended Complaint (Docket Entry #87). The parties did not object to this finding; therefore, the court proceeds with the understanding that these documents constitute Plaintiff's Complaint.

and assaulted by employees at Lee Correctional Institution. He alleges that Cooper eavesdropped on this conversation, and when Cooper escorted him back to his cell after the meeting with Investigator Greer ended, he punched Plaintiff in the face and told him he had lied. Plaintiff alleges that Defendants Sergeant Lloyd, Lieutenant J. Goodman, and Officer Brailsford then joined Sergeant Cooper in escorting him back to his cell, and when they arrived to his cell, they went into his cell, closed the door, and began beating him. He claims that he begged these Defendants to stop beating him, but each of one forced him to perform oral sex on them. Plaintiff claims he refused at first, but they beat him again until he complied. Plaintiff asserts that after this alleged sexual assault, Sergeant Lloyd, Lieutenant Goodman, and Officer Brailsford held him down while Sergeant Cooper raped him. After this alleged sexual assault, Plaintiff claims that these Defendants left his cell and refused to provide him medical treatment.

Plaintiff further asserts that on August 31, 2007, Sergeant Cooper went to his cell door and told him there was someone up front who wanted to talk with him and that he needed to put his hands through the cell door's flap. Plaintiff alleges that he put his left arm through the flap and that Sergeant Cooper slammed his arm in the flap. Plaintiff contends that this was cruel and unusual punishment and that Sergeant Cooper was retaliating because Plaintiff told everyone Sergeant Cooper raped him. Plaintiff also claims Lieutenant Goodman told him that he instructed Sergeant Cooper to slam Plaintiff's arm in the door. According to Plaintiff, he had submitted several requests to Defendants Warden Padula and Jon Ozmint about Sergeant Cooper's unlawful conduct towards him and they failed to take any action, such as transferring him or separating him from Sergeant Cooper. He contends they are "guilty of deliberate indifference and respondeat superior, aiding and abetting rape and assault." Plaintiff alleges that as a result of these alleged sexual assaults, he has suffered unnecessary and wanton infliction of pain,

2

emotional anguish, throat pain, anus pain, and stomach pain, along with embarrassment and humiliation. The plaintiff seeks $500,000 in actual damages and $1 million in punitive damages, and asks that the court to terminate Defendants.

## **STANDARD OF REVIEW**

### I. **Standard for Reviewing Magistrate Judge's R&R**

The Magistrate Judge only makes a recommendation to the court. It has no presumptive weight, and the court retains the responsibility for making a final determination. *Mathews v. Weber*, 423 U.S. 261, 269 (1976). If a party makes a written objection to a Magistrate Judge's report within ten days of being served with a copy of that report, the court will review the specific objections *de novo*. 28 U.S.C. § 636(b)(1). The court is allowed to accept, reject, or modify the R&R in whole or in part. *Id*. Additionally, the court may recommit the matter to the Magistrate Judge with instructions. *Id*. *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a court is charged with liberally construing a complaint filed by a *pro se* litigant to allow for the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). The requirement of liberal construction, however, does not mean the court can ignore a clear failure to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

### II. **Legal Standard for Summary Judgment**

To grant a motion for summary judgment, the court must find that "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). The judge is not to weigh the evidence but rather must determine if there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). All evidence should be viewed in the light most favorable to the

nonmoving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123–24 (4th Cir. 1990). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, disposition by summary judgment is appropriate." *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1991). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The "obligation of the nonmoving party is 'particularly strong when the nonmoving party bears the burden of proof.'" *Hughes v. Bedsole*, 48 F.3d 1376, 1381 (4th Cir. 1995) (quoting *Pachaly v. City of Lynchburg*, 897 F.2d 723, 725 (4th Cir. 1990)). Summary judgment is not "a disfavored procedural shortcut," but an important mechanism for weeding out "claims and defenses [that] have no factual bases." *Celotex*, 477 U.S. at 327.

## ANALYSIS

**I. Plaintiff's Claims Against Defendants Padula, Ozmint, Gibbs, Oberman, and Greer as well as Plaintiff's Retaliation Claim Asserted Against Defendants Cooper and Goodman**

The Magistrate Judge recommended that Defendants' Motion for Summary Judgment be granted as to Plaintiff's claims against Defendants Padula, Ozmint, Gibbs, Oberman, and Greer, as well as to Plaintiff's retaliation Claims against Cooper and Goodman. Plaintiff did not object to the Magistrate Judge's recommendation on this matter. Therefore, the court is not required to give any explanation for adopting these recommendations. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

## II. Plaintiff's Claim of Sexual Assault Asserted Against Defendants Cooper, Lloyd, Goodman, and Brailsford

As noted above, Plaintiff alleges that Defendants Cooper, Lloyd, Goodman, and Brailsford forced him to perform oral sex on them, after which Sergeant Cooper raped him while the other Defendants held him down. The Magistrate Judge concluded that an issue of fact exists as to whether or not Defendants' sexually assaulted Plaintiff; therefore, she recommended the court deny Defendants' Motion for Summary Judgment as to his Eighth Amendment claim based on this alleged sexual assault.

A prison guard may violate the Eighth Amendment by sexually harassing or sexually assaulting an inmate. Sexual assault is "not a legitimate part of a prisoner's punishment, and the substantial physical and emotional harm suffered by a victim of such abuse are compensable injuries" under § 1983. *Berryhill v. Schriro*, 137 F.3d 1073, 1076 (8th Cir. 1998). To be actionable, the alleged sexual contact must be incompatible with "contemporary standards of decency." *Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Schwenk v. Hartford*, 204 F.3d 1187, 1196–97 (9th Cir. 2000). In stating such a claim, however, the inmate must allege facts on which he could prove that the unwanted touching had some sexual aspect to it; his own perceptions alone that the contact was of a sexual nature are not sufficient. *Berryhill*, 137 F.3d at 1076–77.

The Magistrate Judge concluded that "the facts, taken in the light most favorable to the plaintiff, without a finding as to his credibility, establish that there are genuine issues as to material facts and therefore summary judgment is inappropriate at this time." (R&R at 17.) In her recommendation, the Magistrate Judge also stated the following in a footnote:

> Clearly, credibility will be [] pivotal in the resolution of this action and after reviewing the record, the undersigned has serious reservations about the truthfulness of the plaintiff's allegations. The plaintiff's medical records show the plaintiff has engaged in a pattern of bizarre behavior often with a manipulative intent. There are numerous notations of the plaintiff eating his own feces and

> smearing it on walls, injuring himself, threatening to injure others, and complaining of being the victim of sexual assaults. The plaintiff has reported seeing "little green men" and hearing voices. After reporting these hallucinations, the plaintiff would recant and admit that he only did so in an attempt to get something that he wanted, typically a transfer.

(R&R at 17 n.10.) Defendants object to this recommendation. They contend that, outside of his conclusory allegation, Plaintiff has failed to provide any evidence that a sexual assault occurred.

The court finds that the record, taken as a whole, could not lead a rational trier of fact to find for Plaintiff. Besides the affidavits of each Defendant, in which they deny any allegations of sexual assault, Plaintiff's medical records reveal the following: On July 30, 2007, the day of the alleged sexual assault, Plaintiff was observed eating his own feces; on August 1, Plaintiff had an appointment with the optometry clinic; on August 2, Plaintiff received medical attention for complaints of chest pain that may have been a side effect of antibiotics he was taking; on August 5, Plaintiff received medical attention after receiving a burst of pepper spray into his cell for refusing to stop kicking on his cell door; and on August 10, Plaintiff received medical care after complaining about vomiting with some blood in it. Based on these reports, it is clear that, although Plaintiff claims he was denied medical treatment, he received medical care as soon as two days after he claims to have been sexually assaulted. Although Plaintiff alleges that he did report the alleged sexual assault to the nurses in the optometry clinic on August 1 and that they refused to deal with it because "it was not there [sic] job," nothing in his records indicates that he ever reported or sought medical treatment for the sexual assault during any of his other visits to the medical ward in the following days. Also, Investigator Greer attested in his affidavit that Plaintiff has complained of being assaulted by prison officials on one prior occasion, but in relation to that allegation, Defendants provided a June 1, 2007 "Request to Staff Member" form completed by a fellow inmate, in which the fellow inmate informed prison officials that no one

had assaulted Plaintiff as he alleged and that Plaintiff hurt himself in hopes of getting transferred out of the prison.

While the Magistrate Judge correctly noted that credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are for the jury, not the court, "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 249–50 (1986). Aside from the credibility concerns expressed by the Magistrate Judge, the court finds that Plaintiff has offered no evidence beyond his own Complaint to raise a genuine issue of fact. To find for Plaintiff, a jury would have to find that not only have the Defendants conspired against him, but so have the prison administrators and all of the medical staff he has worked with. Therefore, the court grants summary judgment as to Plaintiff's Eighth Amendment claim against Defendants Cooper, Lloyd, Goodman, and Brailsford.

## CONCLUSION

Based on the foregoing, it is **ORDERED** that Defendants' Motion for Summary Judgment is **GRANTED** as to all of Plaintiff's claims.

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**September 2, 2009**
**Charleston, SC**